IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01403-MSK-MEH

ALEXANDER A. DOBBS,

    Plaintiff,

v.

MORBARK, INC., a Michigan corporation,

    Defendant.

---

**PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS**

---

THE PARTIES HAVING STIPULATED AND AGREED, through their attorneys, to the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that shall be applicable to and govern the production or other disclosure of confidential information in connection with this litigation,

IT IS HEREBY ORDERED:

1. This Protective Order governs all documents, images, computer disks, information, and tangible materials which the parties designate as "confidential";

2. The term "document(s)" includes all material within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

3. The parties may specifically designate as "confidential" any documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom deemed by any party to contain a trade secret, confidential information, or other proprietary or non-public information belonging to it, or to others to whom an obligation of confidentiality is owed.

4.      No documents, information or materials designated as "confidential" by another party will be furnished, shown, or otherwise disclosed to any person unaffiliated with the designating party except the following qualified persons: (1) counsel for the parties, their associate attorneys, paralegal assistants, and clerical employees assisting such counsel and employees; (2) the named parties in the above styled case; (3) Court officials involved in this litigation (including, but not limited to, court reporters, mediators, the Court and its staff); and, (4) outside consultants and experts the parties retained to consult and/or assist counsel in the preparation and this action's trial, provided that said experts are not the disclosing party's competitors.  All documents, information, and materials that are designated as confidential will be used solely for the preparation and trial of this action and for no other purpose.  Furthermore, a party disclosing confidential information to the above referenced persons or legal entities, will only disclose such documents as are necessary to assist in the preparation, prosecution or defense of the above styled case.

5.      Before any person, including the plaintiffs to this action or defendants' employees, counsel for any party, and counsel's agents and employees, consultants, and/or experts, receives or reviews documents, information, or materials designated as "confidential" by another party, he or she will be provided with a copy of this Protective Order and will agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgment." Executors of said Acknowledgment will be vicariously responsible for any violation of this Protective Order effected by any person who has received or reviewed information from the executor that was designated by another party as "confidential," *and* who has not executed a copy of the attached "Acknowledgment."  Said Acknowledgment for any particular expert or consultant will initially be held by counsel for the parties receiving confidential information and

promptly released to counsel for the designating parties when such expert or consultant is disclosed, receives confidential information if he or she is already disclosed, or at the end of the case, whichever comes first.  Counsel for the respective parties will also maintain a list of each and every person to whom they have disclosed material subject to this Protective Order, with such list available for production to the Court upon the issuance of an appropriate order.

6. Whenever filed with the Court for any reason, all designated materials disclosed by any party will be filed with the Court under seal and shall be kept under seal until further order of the Court.  However, such designated materials will continue to be available to the Court and to such persons who are permitted access to the same under this Protective Order. Where possible, only the confidential portions of filings with the Court will be filed under seal.

7. Nothing contained in this Protective Order bars or restricts the parties' attorneys from rendering advice to their respective clients with respect to this litigation.  This Protective Order will not prevent the use of "confidential" documents, information, or materials at a deposition, so long as reasonable advance notice is given to the opposing party that the other party will or may use confidential materials, so that the documents, information, or materials will be disclosed or displayed only upon the implementation of reasonable safeguards to preserve their confidentiality;

8. The inadvertent or unintentional disclosure of "confidential" information, produced after the effective date of this Protective Order, regardless of whether the information was so designated at the time of disclosure, will not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to specific information disclosed therein or on the same or related subject matter.

9. Materials designated as "confidential" will not be placed or deposited in any sort of data bank or otherwise be made available to indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses or any other persons or entities. This paragraph and the other provisions of this Protective Order will not apply to materials which, if challenged by another party, the Court rules are not entitled to protection.

10. All parties other than Morbark, including their counsel, technical consultants, and/or experts will not otherwise sell, offer, advertise, publicize, or provide under any condition, any information provided and designated as "confidential" by Morbark, to any competitor of Morbark.

11. Within one hundred twenty (120) days of the conclusion of this case, defined as the latest of the completion of the trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, the other parties agree to return all copies of "confidential" documents, information, or materials to the designating party. Each party in receipt of designated documents will deliver to the designating party an affidavit within one hundred twenty (120) days of the conclusion of this case certifying that all such confidential information and copies thereof, excerpts from and summaries of such information, have been returned to the party who produced such confidential information. The parties shall further provide, within one hundred twenty (120) days of the conclusion of this case, affidavits from each testifying or consulting expert to which they have provided such information, certifying their compliance with this provision.

12. If any party elects to challenge a designation of "confidential" made by another party, the challenging party will provide written notice of such challenge and specify the documents, information, or materials for which the designation is challenged. Thereafter, the

provisions of the agreement will apply to such materials for a period of sixty (60) days, and will expire unless the producing party files a motion for protective order from the court before such time. In the event such motion is filed, the terms of this Protective Order will remain in place as to such documents, information, and materials until the court rules upon the motion.

13. All materials designated as entitled to protection will be treated as such under the terms of this Protective Order until further order of the court. Such a designation raises no presumption that the information or documents are entitled under the law to protection. Other parties may challenge the designation of any material as protected or otherwise apply to the court by motion at any time during the pendency of this case for a ruling upon good cause shown that materials not be treated as confidential.

14. The determination of how any material designated as "confidential" will be used at the trial of this case, if any, is not made at this time. Rather, any such determination will be made before trial.

15. The terms of this Protective Order will become effective when it is mutually executed by the respective attorneys for the parties and will survive and remain in full force and effect after conclusion of this cause of action.

16. All confidential documents produced under this Order shall be deemed to be "authentic" by the party producing the documents, and the producing party shall not object to the admission of such documents on such basis; however, all other objections (such as to relevancy) are preserved.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 17th day of December, 2009, in Denver, Colorado.

5

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

The following representatives agree to this Protective Order:

| | |
|---|---|
| /s/ Gerald P. McDermott (Original on File) | /s/ Kevin G. Dougherty |
| Gerald P. McDermott | Kevin Dougherty |
| McDermott, Hansen & McLaughlin | Warner Norcross & Judd LLP |
| 1890 Gaylord Street | 900 Fifth Third Center |
| Denver, CO 80206-1211 | 111 Lyon Street, NW |
| | Grand Rapids, Michigan 49503 |
| Counsel for Plaintiff | Counsel for Defendant |
| DATED: 12/8/09 | DATED: 12/11/09 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**ALEXANDER A. DOBBS,**  Civil Action No. 09-CV-01403-MSK-MEH

          Plaintiff,

v.

**MORBARK, INC., a Michigan corporation,**

          Defendant.

---

**ACKNOWLEDGEMENT**

I, _____, hereby acknowledge that I have read the Protective Order entered on _____, in connection with the above-captioned complaint, and that I am familiar with its terms.

The undersigned further acknowledges that he or she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, consents to the jurisdiction of the Federal Rules of Civil Procedure over his or her person, and has been apprised of the penalties attendant upon a violation of any of said provisions, including the possibility of penalties being imposed as a result of being held in contempt of court for violating the Protective Order, and any other damages causally related to said violation.

Dated: _____  _____
                                                                                   Signature